
RECEIVED
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

SEP 01 2022

ILED
DOCKETED
DATE          INIT?

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

Case No. 22-55106

Ethan Margalith; Lisa Margalith
*Plaintiff/Cross Defendant-Appellants,*
v.
JP Morgan Chase Bank, N.A.
*Defendant/Cross Complainant-Respondent.*

## APPELLANTS' OPENING BRIEF

Appeal from Order of United States District Court for the
Central District of California, Western Division
The Honorable R. Gary Klausner
Case No. 2:20-cv-07781 RGK (PJWx)

Ethan and Lisa Margalith
ethanssmovers@icloud.com
12675 Mountain Crest Lane
Los Angeles, California 90049
V: 213.269.8081

In pro per

1

# I. CERTIFICATE OF INTERESTED PARTIES

☐ There are no interested parties or entities to list in this Certificate.

Dated: August 31, 2022

Ethan Margalith,
In pro per

Lisa Margalith,
In pro per

2

Table of Contents

I.    CERTIFICATE OF INTERESTED PARTIES ................................................2

II.   JURISDICTIONAL STATEMENT .............................................................7

III.   ISSUES ON APPEAL..............................................................................7

IV.   STATEMENT OF CASE .........................................................................7

FACTUAL AND LITIGATION BACKGROUND ..........................................8

    A.    Factual Background.........................................................................8

    B.    Litigation Procedural History ..........................................................9

V.    STANDARD OF REVIEW....................................................................16

VI.   LEGAL ARGUMENT ..........................................................................17

    A.    Trial Court Lacked Jurisdiction.....................................................17

    B.    Motion for Summary Should Have Been Continued or Denied ................22

        1.   Court Abused its Discretion in Advancing Hearing Date Depriving Appellants Critical Time for their Opposition ...................................22

        2.   Bait and Switch Discovery Tactics Harmed and Prejudiced Appellants.26

        3.   Predatory Loan Consistently Failed to Disclose Illegal Negative Amortization ............................................................................28

    C.    Award of Attorney Fees was Improper......................................................30

VII.   CONCLUSION ...................................................................................30

VIII.   Statement of Related Cases ..................................................................31

IX.   Certificate of Compliance....................................................................32

3

**US and State Supreme Courts**

*Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226 (Cal. 1995)............................18

*Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) ........................................20

*Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal.4th 1185 (Cal. 2013) ........................25

*California v. LaRue*, 409 U. S. 109 (1972)..............................................20

*Capron v. Van Noorden,* 6 U.S. (2 Cranch) 126, 2 L.Ed. 229 (1804)....................20

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982).......................................................................20

*Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee*, 456 U.S. 694 (1982).......................................................................19

*Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)..............................20

*Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007).......................................................................19

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93–102 (1998) ....................19

*Ungar v. Sarafite*, 376 U.S. 575 (1964)................................................24

*United States v. McDermott*, 507 U.S. 447, 449 (1993).........................................18

*United States v. New Britain*, 347 U.S. 81, 85 (1954)..............................................18

**Federal 9th Circuit Court**

*Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999) ..........................17

*Cruz Rendon v. Holder*, 603 F.3d 1104 (9th Cir. 2010).........................................16

*Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1202 (9th Cir. 2007).......................20

*Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) ....................................17

*Dorsey v. National Enquirer, Inc.*, 952 F.2d 250 (9th Cir. 1991) ..........................22

*Fair Housing C. of Riverside v. Riverside Two*, 249 F.3d 1132, 1137 (9th Cir. 2001) ........................................................................22

4

*Galvez v. Kuhn*, 933 F.2d 773, 775 n. 4 (9th Cir. 1991)..........................20

*Ma v. Reno*, 114 F.3d 128, 130 (9th Cir. 1997)....................................16

*Rodriguez v. McGuire Woods LLP*, 688 F.3d 645, 653 (9th Cir. 2012).................17

*Ruiz v. Hamburg-American Line*, 478 F.2d 29 (9th Cir. 1973)..............................24

*State of Nebraska v. Bentson*, 146 F.3d 676, 679 (9th Cir. 1998)..........................17

*Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998)...........................21

*United States v. 2.61 Acres of Land*, 791 F.2d 666 (9th Cir. 1985) .......................24

*United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978) .............22

### Cases

*City of Hollister v. Monterey Ins. Co.*, 165 Cal.App.4th 455 (Cal. Ct. App. 2008)24

*Gilkyson v. Disney Enters., Inc.*, 244 Cal.App.4th 1336 (Cal. Ct. App. 2016).......25

*Prawoto v. PrimeLending*, 720 F. Supp. 2d 1149 (C.D. Cal. 2010)........................18

Stockton v. Newman, 148 Cal.App.2d 558 (Cal. Ct. App. 1957) ...........................24

*Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049 (C.D. Cal. 2008) ..........29

*Ward v. Brown*, 22 F.3d 516, 519 (2d Cir.1994).....................................20

### Constitutional Provisions

US Constitution, Art. III ..........................................................20

### Statutes

12 C.F.R., Supp. I, § 19(b)(vii)(2) ................................................26

28 U.S.C. § 1447(c) .......................................................... 17, 19

28 U.S.C. §1291 ....................................................................7

Civil Code § 3387 ................................................................23

Code of Civil Proc. § 725 ..........................................................7

Code of Civil Proc., § 392(a)(2) ..................................................18

Fed. R. App. Proc. 4(a)(2), 4(a)(1)(A)..............................................7

5

Fed. Rule of Civil Proc., § 56(c)..................................................17

U.S.C. § 1640(k)(1).............................................................29

**Treatises**

13 Wright & Miller § 3522 ..................................................20

6

## II.    JURISDICTIONAL STATEMENT

This Court has jurisdiction pursuant to 28 U.S.C. §1291. Appellants challenge the district court orders granting Cross Complainant's Motion for Summary Judgment on April 16, 2021, resulting in a Judgment for Judicial Foreclosure on November 17, 2021. Appellants timely filed the notice of Appeal on January 17, 2022. *See* Fed. R. App. Proc. 4(a)(1)(B). (V1, AEOR[1], p. 2-16, and V5, AEOR, p.971).

## III.    ISSUES ON APPEAL

1.    Did the district court have jurisdiction to hear this complaint?

2.    Did the district court abuse its discretion in advancing the hearing date and denying Appellants' request for a continuance back to the original hearing date to afford Appellants critical time necessary for a fully developed opposition?

3.    Did the district court abuse its discretion in denying a continuance based on discovery gamesmanship by Respondent?

4.    Did Chase Practice Fraud Upon the Court?

## IV.    STATEMENT OF CASE

This is a judicial foreclosure brought under Code of Civil Proc. § 725[2] et. seq. as a cross complaint, and in which JPMorgan Chase

---

[1] All cites to volume and page numbers are from Appellants Expects of Record.

[2] Code of Civil Procedure, referenced as Code of Civil Proc., is for California code of civil procedure.

7

Bank, N.A. (hereinafter "Chase" or "Respondent"), as the cross complainant, named the United States as a defendant to the judicial foreclosure though it was a lien holder, not a borrower or property owner. After removal and after entering a stipulation with the United States thereby resolving any purported claim, Chase brought a summary judgment even though the district court no longer had subject matter jurisdiction, and in which the parties disagree whether Chase met its burden of proof that there were no triable issues of fact. Especially given Respondent's attorney induced Appellants to rely on the attorney's promise to provide documents in an informal exchange which he unethically refused to do and the court shorten Appellants time to respond from 15 days to 8 days.

## FACTUAL AND LITIGATION BACKGROUND

### A. Factual Background

Appellant Ethan Margalith entered into refinance of his primary residence with Washington Mutual Bank, F.A. (hereinafter "WMB") which was secured by a Deed of Trust signed by both Ethan and Lisa Margalith. (V4, AEOR, p.620-650; V4, AEOR, p.651-659) (hereinafter "Subject Loan" and "DOT") This was a negative amortization, predatory loan that intentionally billed underpayments resulting in an increased principal in an ongoing, continuous monthly demand for payment of the Subject Loan.

On September 25, 2008, WMB failed and went into receivership with the Federal Deposit of Insurance (hereinafter "FDIC"), who in turn, promptly sold certain assets and liabilities to Respondent, Chase, through a private agreement. The agreement as provided does not identify the Subject Loan or DOT.

8

On March 21, 2014 Chase, as power of attorney for the FDIC purported to transfer the DOT and Subject Loan to Chase. This assignment was notarized and recorded in the public land records. (V4, AEOR, p.660-663).

Appellants experienced a financial hardship and missed payments. On August 17, 2016, without first seeking alternatives to foreclosure, Respondent filed a Notice of Default to initiate a nonjudicial foreclosure. In response, Appellants sought a modification to catch up on the arrears and to eliminate the deceptive, destructive negative amortization feature of the loan. Respondent offered a Trial Payment Plan in which it stated if the Appellants made three payments, it may modify the loan. The agreement as sent by Respondent was unsigned and offered no indication of elimination of the predatory negative amortization. The letter further informed Appellant the foreclosure proceedings were not dismissed, and if any payment was missed, foreclosure proceedings would immediately resume. (V4, AEOR, p.679-688).

Appellants therein filed a complaint in the Superior Court of Los Angeles; In response Respondent JPMorgan Chase Bank, N.A. filed a cross claim for judicial foreclosure naming Appellants and all lien holders.

**B. Litigation Procedural History**

On January 21, 2020, Respondent, JPMorgan Chase Bank, N.A. ("Chase"), filed a First Amended Cross-Complaint for Judicial Foreclosure, Deficiency Judgment, and Breach of Contract, seeking damages with the Superior Court of Los Angeles County as Case No. BC711350. (V5, AEOR, p.916-970).

9

On April 24, 2020, Respondent, United States of America ("USA"), filed a Notice of Removal, removing the Superior Court case to Federal Court. (V5, AEOR, p.910-915).

On May 12, 2020, the United States of America filed its Answer to the First Amended Cross-Complaint. (V4, AEOR, p.899-908).

On June 2, 2020, Crest Promontory Common Area Association, and Mountaingate Open Space Maintenance Association, filed its Answer to the First Amended Cross-Complaint. (V4, AEOR, p.890-898).

On August 3, 2020, Respondent, Chase, filed a Notice of Dismissal as to Assured Lenders Services, Inc.

On August 5, 2020, Appellant filed a Request for Entry of Default as to MTC Financial dba Trustee Corp.

On August 6, 2020 the clerk of the Court issued a Default as to MTC Financial dba Trustee Corp. (V4, AEOR, p.889).

On August 28, 2020, the Court issued an Order to File Joint Status Report no later than September 4, 2020.

On September 1, 2020, the Court issued an Order for Court Trial. (V4, AEOR, p.888).

On September 4, 2020, the parties filed a Joint Status Report. (V4, AEOR, p.884-887).

On September 25, 2020, Respondent, Chase, filed a Stipulation of Partial Dismissal Re Crest Promontory Common Area Association. (V4, AEOR, p.879-883).

On September 28, 2020, the Court issued an Order Re: Dismissal of Crest Promontory Common Area Association. (V4, AER,O p.877-878).

10

On October 8, 2020, Respondent, Chase, filed an Application for Clerk to Enter Default as to Mountaingate Open Space Maintenance Association. On October 14, 2020, the clerk of the Court entered a Default as to Mountaingate Open Space Maintenance Association.

On December 23, 2020, in a text only order, the Court found that the only operative complaint in this action is the Cross-Complaint filed by JPMorgan Chase Bank, N.A. (V4, AEOR, p.876).

On December 28, 2020, the Court issued an Order to Show Cause re Dismissal for Lack of Prosecution.

On December 29, 2020, Respondent, Chase, filed a Declaration of Robert Hyatt Re: Order to Show Cause Re Dismissal for Lack of Prosecution and accompanying exhibits.

On January 4, 2021, Appellants filed a Declaration of Eideh Manavi re: Order to Show Cause and accompanying exhibits.

On January 4, 2021, in a text only order, the Court discharged the order to show cause.

On January 7, 2021, the parties filed a Stipulation Between Chase and Cross-Defendants Regarding Lien Priority. (V4, AEOR, p.864-875).

On January 8, 2021, in a text only order, the Court declined to enter the order with regard to the Stipulation Between Chase and Cross-Defendants Regarding Lien Priority. (V4, AEOR, p.863).

On January 19, 2021, Respondent, Emaciation Capital, LLC ("EC"), filed its Answer to the First Amended Cross-Complaint. (V4, AEOR, p.859-862).

On January 20, 2021, Respondent, Express Working Capital, LLC ("EWC"), filed its Answer to the First Amended Cross-Complaint. (V4, AEOR, p.855-858).

11

On January 22, 2021, Appellants filed their Answer to the First Amended Cross-Complaint. (V4, AEOR, p.843-854).

On February 11, 2021, Appellants filed their Amended Answer to First Amended Cross-Complaint. (V4, AEOR, p.831-842).

On February 26, 2021, Respondent, Chase, filed its Motion for Summary Judgment or in the Alternative for Summary Adjudication; Statement of Uncontroverted Facts and Conclusions of Law in Support of Motion for Summary Judgment or in the Alternative for Summary Adjudication; Request for Judicial Notice in Support of Motion for Summary Judgment, or Alternatively for Summary Adjudication; Declaration of Alicia Hernandez in Support of Motion for Summary Judgment, or Alternatively for Summary Adjudication; Declaration of Robert Hyatt in Support of Motion for Summary Judgment, or Alternatively for Summary Adjudication; and Proposed Order Granting Chase's Motion for Summary Judgment, or Alternatively for Summary Adjudication. (V3-4, AEOR, p.347-830).

On March 1, 2021, in a text only order, the Court advanced Chase's Motion for Summary Judgment from April 12, 2021 to March 29, 2021. (V3, AEOR, p.346).

On March 2, 2021, Appellants filed an Exparte Application to Continue Hearing on Motion for Summary Judgment from March 29, 2021 to April 12, 2021; Declaration of Brian M. Grossman in Support of Plaintiff's Exparte Application; Declaration of Gina M. Simas in Support of Plaintiff's Exparte Application; and Proposed Order re Plaintiff's Exparte Application. (V3, AEOR, p.326-345).

On March 5, 2021, the Court issued an Order denying the Exparte Application to Continue Hearing on Motion for Summary Judgment to April 12, 2021, however, the Court continued the due dates

12

of the opposition and reply to March 15, 2021 and March 22, 2022 respectively. (V3, AEOR, p.324-325).

On March 17, 2021, Appellants filed Plaintiffs' Opposition to Chase's Motion for Summary Judgment or in the Alternative for Summary Adjudication; Plaintiffs' Separate Statement of Uncontroverted Facts and Conclusions of Law in Support of the Opposition to Motion for Summary Judgment or in the Alternative for Summary Adjudication; Plaintiffs' Evidentiary Objections to the Motion for Summary Judgment for in the Alternative for Summary Adjudication; Declaration of Brian M. Grossman; Declaration of Steven M. Slavitt. (V2-3, AEOR, p.185-323).

On March 22, 2021, Respondent, Chase, filed its Reply in Support of Motion for Summary Judgment or in the Alternative for Summary Adjudication; Declaration of Robert Hyatt in Support of Reply in Support of Motion for Summary Judgment or in the Alternative for Summary Adjudication; Evidentiary Objections to Reply to Opposition to Motion for Summary Judgment. (V2, AEOR, p.148-184).

On March 23, 2021, in a text only order, the Court took the hearing for Motion for Summary Judgment off calendar and took the matter under submission, the Court will review the matter without hearing any further arguments in person or on paper.

On March 31, 2021, Respondent, Chase, filed Motion in Limine No. 1 to Exclude Testimony of Lisa Margalith and Proposed Order.

On March 31, 2021, Respondent, Chase, filed Motion in Limine No. 2 to Exclude Testimony of Steven Slavitt and Proposed Order.

On March 31, 2021, Respondent, Chase, filed Motion in Limine No. 3 to Exclude Unpleaded Affirmative Defenses and Proposed Order.

13

On March 31, 2021, Appellants filed Motion in Limine No. 1 to Exclude Documents Not Produced in Discovery and Proposed Order.

On April 1, 2021, Appellants filed an Exparte Application to Shorten Time to be Heard on Motion to Withdraw as Attorney for Plaintiffs and Cross-Defendants.

On April 2, 2021, the Court issued an Order Granting the Exparte Application setting the hearing date for April 12, 2021.

On April 5, 2021, Respondent, Chase, filed a Memorandum of Contentions of Fact and Law. (V2, AEOR, p.139-147). Also on April 5, 221, Chase filed Joint Exhibit List, and Chase's Witness List. Chase amended its Witness List on April 6, 2021.

On April 5, 2021, Appellants filed Witness list and Proposed Memorandum of Contentions of Fact and Law. (V2, AEOR, p.132-138).

On April 6, 2021, the Court issued an Order Re: Chase's Motion for Summary Judgment or Alternatively for Summary Adjudication. (V1, AEOR, p.6-16).

On April 7, 2021, the Court issued an Order Re: Motion of Counsel for Plaintiffs and Cross-Defendants to Withdraw as Counsel of Record as Moot due to the ruling on Motion for Summary Judgment.

On April 20, 2021, Respondent, Chase, filed Notice of Lodging re Motion for Summary Judgment; Proposed Final Judgment of Foreclosure and Order of Sale and Deficiency Judgment (V2, AEOR, p.126-131); Motion for Attorney Fees and Costs; Declaration of Robert Hyatt in Support of Motion for Attorney Fees and Costs; and Proposed Order on Motion for Attorney Fees and Costs.

On May 3, 2021, Appellants filed an Opposition to Motion for Attorney Fees and Costs.

14

On May 10, 2021, Respondent, Chase, filed a Reply Re: Motion for Attorney Fees and Costs, Declaration of Robert Hyatt in Support of Chase's Reply Re Motion for Attorney Fees and Costs.

On May 18, 2021, Appellants filed a Notice of Appeal Re: Order on Motion for Summary Judgment.

On May 27, 2021, the Court issued an Order Denying Chase's Motion for Attorney Fees and Costs.

On June 4, 2021, Respondent, Chase, again filed a Motion for Attorney Fees and Costs and Declaration of Robert Hyatt in Support of Motion for Attorney Fees and Costs.

On July 2, 2021, Appellants voluntarily dismissed the May 18, 2021 Appeal.

On July 27, 2021, the Court issued an Order Denying Chase's Second Motion for Attorney Fees and Costs.

On August 6, 2021, Respondent, Chase, again filed a Third Motion for Attorney Fees and Costs; and Declaration of Robert Hyatt in Support of Motion for Attorney Fees and Costs. (V2, AEOR, p.59-125).

On September 23, 2021, the Court issued an Order Granting Chase's Motion for Attorney Fees and Costs. (V2, AEOR, p.55-58).

On November 17, 2021, the Court issued the Judgment of Foreclosure and Order of Sale and Deficiency Judgment. (V1, AEOR, p.2-5).

On January 18, 2022, Appellant filed a Notice of Appeal. (V5, AEOR, p.971).

On January 18, 2021, Appellant filed a Motion to Set Aside Judgment. (V2, AEOR, p.31-54).

15

On January 26, 2022, the United States Court of Appeal for the Ninth Circuit issued a Notice assigning a case number.

On January 28, 2022, Appellant attempted to file a Declaration of Bruce Jacobs in Support of Motion to Set Aside Judgment, however the Court struck the record because the title page was missing.

On February 1, 2021, Respondent, Chase, filed its Opposition to Motion to Set Aside Judgment. (V2, AEOR, p.20-30).

On February 4, 2022, Appellant again attempted to file a Declaration of Bruce Jacobs in Support of Motion to Set Aside Judgment; and Supplemental a Declaration of Bruce Jacobs in Support of Motion to Set Aside Judgment, however the Court struck the record because the declarations were filed untimely.

On February 16, 2022, on a text only Order, the Court issued an Order scheduling the hearing for Motion to Set Aside Judgment for February 22, 2022.

On February 22, 2022, Appellant attempted to file an Amended Motion to Set Aside Judgment, however, the Court struck the record because the document was untimely.

On February 25, 2022, the Court issued Order Re: Plaintiffs' Motion to Set Aside Judgment Denying the Motion for Lack of Jurisdiction. (V2, AEOR, p.18-19).

## V.   STANDARD OF REVIEW

The existence of subject matter jurisdiction is a question of law subject to de novo review. *Ma v. Reno*, 114 F.3d 128, 130 (9th Cir. 1997).

Denial of a continuance is reviewed for an abuse of discretion. *Cruz Rendon v. Holder*, 603 F.3d 1104 (9th Cir. 2010)

16

A grant of summary judgment is reviewed de novo. *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001) (en banc). This court's review is governed by the same standard used by the trial court under Federal Rule of Civil Procedure 56(c). *Adcock v. Chrysler Corp.*, 166 F.3d 1290, 1292 (9th Cir. 1999). The court must therefore determine, viewing the evidence in the light most favorable to the nonmoving party, whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Devereaux*, 263 F.3d at 1074.

Award of attorney fees is reviewed for abuse of *Rodriguez v. McGuire Woods LLP*, 688 F.3d 645, 653 (9th Cir. 2012)

## VI.   LEGAL ARGUMENT

### A. Trial Court Lacked Jurisdiction

A defendant's power to remove a case to federal court is independent of the federal court's power to hear it. These are analytically distinct inquiries and should not be confused. Once a case is properly removed, a district court has the authority to decide whether it has subject matter jurisdiction over the claims. See 28 U.S.C. § 1447(c) ("If at any time [after removal and] before final judgment it appears that the district court lacks subject matter jurisdiction, the case **shall** be remanded."). *State of Nebraska v. Bentson*, 146 F.3d 676, 679 (9th Cir. 1998) (Emphasis added)

Respondent brought cross claims for Judicial Foreclosure, Deficiency Judgment and Breach of Contract. (Doc. 1-1, p.3) Generally, jurisdiction will not be supported by a federal question in a counterclaim (even if the counterclaim is compulsory). *Holmes Group, Inc. v. Vornado Air Circulation Sys.*, Inc., 535 U.S. 826, 831 (2002)

17

(citations omitted) ("[A] counterclaim—which appears as part of the defendant's answer, not as part of the plaintiff's complaint—cannot serve as the basis for 'arising under' jurisdiction.").

Respondent named Appellants with all lien holders, including the United States of America's agency the Internal Revenue Service, as co-defendants, specific to the claim for Judicial Foreclosure. (V5, AEOR, p.919:4-9) Under the Judicial Foreclosure claim Respondent sought a judicial determination Respondent's interest was superior to all other interests of cross-defendants, and all claims by cross defendants' interest, jointly and severally were subsequent to and subject to Respondent's claim. (V5, AEOR, p.912:13-17.)

Judicial foreclosure for real property, is a state-based claim. Code of Civil Proc., § 392(a)(2); *Alliance Mortgage Co. v. Rothwell*, 10 Cal.4th 1226 (Cal. 1995); *Prawoto v. PrimeLending*, 720 F. Supp. 2d 1149 (C.D. Cal. 2010)[State court has exclusive jurisdiction over title to real property.] The judicial foreclosure is specific to foreclosing on the property for enforcement of the underlying debt, not determination of priority of liens, validity of those liens, or collection of those liens. Regardless the claim for judicial foreclosure improperly sought a determination by the court of the lien priorities.

"Federal tax liens do not automatically have priority over all other liens. Absent provision to the contrary, priority for purposes of federal law is governed by the common-law principle that 'the first in time is the first in right.'" *United States v. McDermott*, 507 U.S. 447, 449 (1993) (quoting *United States v. New Britain*, 347 U.S. 81, 85 (1954)) So well settled is the law on how liens are prioritized, the parties did not actually litigate the issue but rather, after the United

18

States entered its Answer on May 12, 2020, the parties entered into a stipulation of the priority of liens on January 7, 2021. (V4, AEOR, p.864-875)

Because the actual judicial foreclosure was not against the United States, and any question as to its rights to any proceeds if Respondent prevailed on its claim for judicial foreclosure were resolved by stipulation, the district court had no subject matter jurisdiction to continue the litigation but rather was required by 28 U.S.C. § 1447(c) to remand the matter back to state court. *Cit Small Business Lending Corporation v. Narang,* No. 1: 14-cv-00593-MCE-BAM (E.D. Cal. July 18, 2014)

A court "generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in the suit (subject-matter jurisdiction) . . . ." *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.,* 549 U.S. 422, 430–31 (2007) (declining to address jurisdiction and holding that district court had authority to dismiss action on forum non conveniens grounds before considering the merits) (citing *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 93–102 (1998) (rejecting doctrine of "hypothetical jurisdiction" that would allow a court to rule on issues of law before adjudicating jurisdiction)).

In *Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee,* 456 U.S. 694 (1982), the Supreme Court noted that Subject-matter jurisdiction, then, is an Art. III as well as a statutory requirement; it functions as a restriction on federal power and contributes to the characterization of the federal sovereign. Certain legal consequences directly follow from this. For example, no action of the parties can confer subject-matter jurisdiction upon a federal court. Thus, the

19

consent of the parties is irrelevant, *California v. LaRue*, 409 U. S. 109 (1972), principles of estoppel do not apply, *Am. Fire & Casualty Co. v. Finn*, 341 U. S. 6, 17-18 (1951), and a party does not waive the requirement by failing to challenge jurisdiction early in the proceedings. Id. at 702. See also *Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006) holding all courts have an "independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." (citing *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)) (jurisdiction upheld). *See also* 13 Wright & Miller § 3522, p. 126 ("Even if the parties remain silent, a federal court, whether trial or appellate, is obliged to notice on its own motion its lack of subject matter jurisdiction, or the lower court's lack of subject matter jurisdiction when a case is on appeal.").

On appeal—even for the first time at the Supreme Court—a party may attack jurisdiction after the entry of judgment in the district court. See *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006); *Detabali v. St. Luke's Hosp.*, 482 F.3d 1199, 1202 (9th Cir. 2007) (citing *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982); *Galvez v. Kuhn*, 933 F.2d 773, 775 n. 4 (9th Cir. 1991)) ("Defects in subject matter jurisdiction are nonwaivable and may be raised at any time, including on appeal."). "[I]t has been the rule since nearly the inception of our republic that subject matter jurisdiction may be raised any time." *Ward v. Brown*, 22 F.3d 516, 519 (2d Cir.1994) (citing *Capron v. Van Noorden*, 6 U.S. (2 Cranch) 126, 2 L.Ed. 229 (1804) as the genesis of the rule)

Appellants herein challenge the district court's jurisdiction. First, the claim for judicial foreclosure while naming the United States

20

was not in fact a claim against the United States such that arguably no federal jurisdiction arose under the state specific claims. Even if the removal was proper, the court still lacked subject matter jurisdiction as the claim sought priority of liens, not collection from or for the United States.

Notwithstanding the court lacked subject matter jurisdiction at the time of the removal, the stipulation between the parties resolving the priority of liens resolved any purported "claim" against the United States. The district court, which refused to enter the stipulation, knew of *and relied* upon the stipulation in entering its judgement, such that it was required to remand the matter because it held no subject matter jurisdiction. *Arbaugh v. Y & H Corp.,* 546 U.S. 500, 514 (2006); *In re Bunyan,* 354 F.3d 1149, 1152 (9th Cir. 2004) (citing *United States v. Ruiz,* 536 U.S. 622, 628 (2002)) ("A federal court always has jurisdiction to determine its own jurisdiction.") (V4, AEOR, p.864-875; see ROA, *generally* no appearance by United States after stipulation; V1, AEOR, p.4:9)

A judgment by a court without jurisdiction, is void. *Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94 (1998) [Without jurisdiction, court cannot proceed to the merits; if it does, the result is coram non judice- a nullity.]

For this reason, Appellants request the court reverse the ruling of the district court and remand the matter to the district court with instruction to either dismiss it or remand it to the state court.

21

## B. Motion for Summary Should Have Been Continued or Denied

A summary judgment cannot be granted if a genuine issue as to any material fact exists. *United States v. Fred A. Arnold, Inc.*, 573 F.2d 605, 606 (9th Cir. 1978)   Central District of California Rule 7.14.3 provides:  In determining any motion for summary judgment, the Court will assume that the material facts as claimed and adequately supported by the moving party are admitted to exist without controversy except to the extent that such material facts are (a) included in the "Statement of Genuine Issues" and (b) controverted by declaration or other written evidence filed in opposition to the motion. *Fair Housing C. of Riverside v. Riverside Two*, 249 F.3d 1132, 1137 (9th Cir. 2001)

As stated by the court in its ruling, "…a motion for summary judgment is appropriate when the parties raise only questions of law, the resolution of which does not involve disputed material facts. *Dorsey v. National Enquirer, Inc.*, 952 F.2d 250 (9th Cir. 1991)

## 1. Court Abused its Discretion in Advancing Hearing Date Depriving Appellants Critical Time for their Opposition

The parties met and conferred pursuant to local rules, reaching an agreement to a hearing date of April 12, 2021 for Respondent's Motion for Summary Judgment. Included, and considered in this discussion, was the Appellants' attorney's planned family vacation from February 28, 2021 to March 6, 2021 in which he would be out of state.

Respondent filed the motion on February 26, 2021, and while Appellants' attorney was on vacation, on March 1, 2021, the court sua sponte advanced the hearing date from April 12, 2021 to March 29,

22

2021. (V3, AEOR, p.347-370; V3, AEOR, p.346) This advancement moved Appellants' opposition due date from March 22, 2021, to March 8, 2021. This was prejudicial to Appellants, as in reliance on the party's agreement, Appellants' attorney took his planned family vacation; with a planned return date of March 6, 2021, this unexpectedly gave Appellants less than two days to prepare the opposition when their attorney had relied on having a full 15 days for development of the opposition *after* returning from his planned vacation. (i.e., March 7 to March 22, 2021)

On March 2, 2021 Appellants filed an unopposed exparte application requesting the court to reset the hearing back to April 12, 2021 as agreed to by the parties, as appellants' attorney was out of the office and would only have 2 days to prepare the opposition. (V3, AEOR, p.326-332) The court did not continue the hearing date but then gave Appellants an extra week to file their opposition, moving the new due date from March 8, 2021 to March 15, 2021. (V3, AEOR, p.324-325) This, however, still only gave Appellants 8 days (i.e., March 8 to March 15, 2021) to prepare the opposition when their attorney had relied on 15 days. While Appellants' attorney saw this as a crisis averted, it still did not resolve the prejudice incurred from depriving Appellants their full time for development of their opposition. (V2, AEOR, p.243:19)

A motion for summary judgment is a dispositive motion which can, and did, terminate the action with a judgment for foreclosure in which Appellants will lose their primary residence. Civil Code § 3387 [a person's property is so unique monetary damages cannot adequately compensate for its loss]; *see also Stockton v. Newman*, 148 Cal.App.2d

23

558 (Cal. Ct. App. 1957) [Property is considered unique and loss of unique property is irreparable harm]; *City of Hollister v. Monterey Ins. Co.*, 165 Cal.App.4th 455 (Cal. Ct. App. 2008)

Whether the district court abused its discretion depends on the facts of each case. *Ungar v. Sarafite*, 376 U.S. 575 (1964); *Ruiz v. Hamburg-American Line*, 478 F.2d 29 (9th Cir. 1973). This abuse was especially prejudicial given the discovery issues (discussed below) and based on the parties compliance with setting the hearing date pursuant to both federal rules of procedure and local rules, Appellants' attorney was unavailable to fully develop their opposition.

In *United States v. 2.61 Acres of Land*, 791 F.2d 666 (9th Cir. 1985) this court put forth 4 salient factors for determining if denial of a continuance was an abuse of discretion. These are the party's diligence, if the need for continuance could have been met by the continuance, the extent of the inconvenient to the court, and the opposing party, including witnesses. No one factor is dispositive; rather the court evaluates and weighs each in order to determine whether the denial was arbitrary or unreasonable. Absent a showing of prejudice suffered by the appellant, the Court will not disturb the ruling below. *Id.* at p.671.

Here, the request for continuance was not seeking additional time for the original hearing date but rather was seeking to maintain the time agreed to and relied upon by the parties when they set the hearing date, in accordance with federal rules of procedure. By unexpectedly advancing the date the court pulled the proverbial rug out from under the Appellants in relying on the full 15 days for preparation of their opposition. Of note, Appellants attorney was *out of town on a family*

24

*vacation* in which he had to quickly notice the court of the problem with advancing the date. (V3, AEOR, p.326-332)

The usefulness of the time is found in the issues with unresolved discovery requests, most importantly, the Appellants had asked for a full accounting of the negative amortization loan pursuant to the accelerated demand versus the trial payment plans, and a full disclosure of all communication with Appellants instead of the partial responses in which Respondent picked and chose what it would produce. (V2, AEOR, p.209:7-28) This is relevant to Appellants' affirmative defense the Note violated TILA rules and regulations as the negative amortization was an continuous and continuing harm. *Aryeh v. Canon Bus. Solutions, Inc.*, 55 Cal.4th 1185 (Cal. 2013)[Instructive for continuing and continuous tolling of statute of limitations]; *Gilkyson v. Disney Enters., Inc.*, 244 Cal.App.4th 1336 (Cal. Ct. App. 2016)[Cause of action accrues each time a wrongful act occurs.] (see below)

As to what, if any inconvenience to the court, the record is silent. The court chose not to disclose why the hearing needed to be advanced or why it would not continue it back to the original agreed upon hearing date.

Appellants were forced to work on a shorten time schedule, without the discovery responses promised by Respondent, who engaged in an unethical "bait and switch" position with responding to discovery. (V2, AEOR, p.242:18-20) Regardless, Appellants needed time to prepare a full report on the harmful affect of the negative amortization in which Appellants were billed less than the interest due, and therefore, the underpayment resulted in an increase in the principal balance, increasing the interest due. Respondent consistently failed to

25

provide clear disclosure of this negative impact, though it was required by law to do so. 12 C.F.R., Supp. I, § 19(b)(vii)(2). (V2, AEOR, p.202:18-25) Arguably, resolution of the illegal interest demands would affect the amounts due and purported monthly payment due to which Appellants could resolve. Assessing this was critical to opposing the motion and required more than 8 days to compile.

There was no known basis for advancing the hearing date, and pursuant to local rules, the parties met and conferred in determining the hearing date. It was set with the full knowledge and agreement Appellants would have a full 15 days to prepare; instead, unexpectedly the court advanced the date with no known reason other than, respectfully, it could. This was an abuse of the court's discretion that prevented Appellants from full preparation of their opposition.

## 2. Bait and Switch Discovery Tactics Harmed and Prejudiced Appellants

Pursuant to Fed. Rules of Civil Proc., 56(d):

When Facts Are Unavailable to the Nonmovant. If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

In this matter, Appellants noticed the court in their opposition that pursuant to agreement of the parties, Respondent would provide their discovery responses after the mediation, even though both parties knew such disclosure would occur after the scheduled discovery cut off date of February 12, 2021. (V4, AEOR, p.888; V2, AEOR, p.242:12-

26

28) After reaching this agreement, Respondent refused to produce the documents on the basis the discovery was closed. (V2, AEOR, p.208:3-17) This was a bait and switch tactic employed by Respondent which should not be sanctioned by the court.

Specifically, the parties agreed that the parties time was better spent in attempting a resolution to the litigation by mediation than producing discovery. (V2, AEOR, p.242:12-23) However, Respondent specifically stated if the mediation was not fruitful, then Respondent would *informally* produce the documents. (V2, AEOR, p.256) On February 2, 2021 Respondent produced a payment history, acknowledging the documents failed to produce the total interest and principal but indicating the Appellants could calculate this from the history as produced. (V2, AEOR, p.260)

The parties did not reach an agreement and on March 5, 2021 (while primary counsel was out of the office) Appellants requested Respondent produce the responsive documents to the RFP requests. (V3, AEOR, p.319) In response, Respondent denied any such agreement had been reached by the parties, claiming that no discovery had been conducted, and the only informal exchange requested was the payment history. (V3, AEOR, p.318)

For clarity, in Doc. # 60-6, Respondent noted the only document required *prior to mediation* was the payment history, and that Respondent *also* agreed to informal exchange of documents. Further clarifying that Respondent would not be required to respond to the RPF <u>and instead rely on informal exchange of documents as it pertains to claims in the federal court.</u> (V2, AEOR, p.261) The agreement in Respondents own words cannot be any clearer, but inexplicably

27

Respondent then reversed positions refusing to produce any of the documents at all. This was highly unethical, gamesmanship, which was especially prejudicial to Appellants given their time to respond to the Respondent's motion for summary judgment had been shorten by a full week.

As noted in the RFP's (V2, AEOR, p.245-254) Appellants asked for any and all appraisals on the property (RFP # 9, V2, AEOR, p.250:18-19) which shows the equity in the property as well as charges made on the account; Documents for any monies owed by Appellants which would include any interest, principal, taxes, insurance, legal fees and costs, advances and other costs including if Appellants were charged for Respondents lawsuit to clear title which Respondent agreed was not Appellants liability when releasing them from the suit (RFP # 11, V2, AEOR, p.250:26-27, see also # 13, V2, AEOR, p.251:5-6); and all loss mitigation effort, which should include not only modification but evaluation for other alternatives to foreclosure (RFP # 16, V2, AEOR, p.252:17) Appellants were deprived of this information in preparing their opposition.

### 3. Predatory Loan Consistently Failed to Disclose Illegal Negative Amortization

Appellants did not bring up the TILA/RESPA violations as claims, but rather as an affirmative defense to the foreclosure. The ongoing negative amortization was continuous and continuing resulting with worsening of conditions, as the Appellants never received full and clear disclosure their monthly payments were in fact, intentionally designed underpayments to increase the principal balance. (V3, AEOR, [347-370]; see V2, AEOR, p.199:205-p.22:15)

28

This is a deceptive and unfair business practice that directly impacted Appellants ability to clear the loan or even to understand if the purported "modification" would eliminate this predatory, highly destructive feature of the loan. *Velazquez v. GMAC Mortg. Corp.*, 605 F. Supp. 2d 1049 (C.D. Cal. 2008) U.S.C. § 1640(k)(1) provides that TILA claims are excused from the statute of limitations when alleged as an affirmative defense.

Section 1640(k)(1) provides that "when a creditor, assignee, or other holder of a residential mortgage loan…initiates a judicial or nonjudicial foreclosure of the residential mortgage loan, or any other action to collect the debt in connection with such loan," the debtor can assert certain claims "as a matter of defense by recoupment or set off" regardless of TILA's statutes of limitations. *Tyson v. TD Services Co.*, No. 5:12-cv-03766-HRL (N.D. Cal. Sep. 30, 2015) TILA violations are a defense. *Molina v. Onewest Bank, FSH*, 903 F. Supp. 2d 1008 (D. Haw. 2012)

Here there is no dispute there was negative amortization, what is at issue is how much in interest and additional fees were improperly assessed based on negative amortization and would that offset have allowed Appellants to restructure the loan to avoid foreclosure? Because Respondent succeeded with lulling Appellants into not filing a motion to compel for the documents that it promised to provide informally, Appellants were prevented from fully developing their opposition and proving their affirmative defense.

Because there was no dispute the terms of the Note were negative amortization, and there is plethora of law examining the destructive ticking time bomb of financial destruction, the court had a duty to

29

continue the matter or deny the motion because the offset was at issue with had substantial impact on the outcome of the motion.

## C. Award of Attorney Fees was Improper

The court was without subject matter jurisdiction to hear this matter and any award of attorney fees relies upon the arguably void judgment. If this matter is reversed and remanded, Respondent is not entitled to attorney fees and the order granting said fees should be reversed.

## VII. CONCLUSION

Appellants herein request the order of judgment and order for attorney fees be reversed, and the matter dismissed on the basis the court did not have subject matter jurisdiction. Alternatively, the judgment be reversed and order for fees be reversed and the matter remanded with instructions to remand the matter back to state court.

Dated: August 31, 2022

_____
Ethan Margalith,
In pro per

_____
Lisa Margalith,
In pro per

## VIII.    Statement of Related Cases

I am unaware of any pending, related cases in this court.


Dated:  August 31, 2022

_____
Ethan Margalith,
In pro per

_____
Lisa Margalith,
In pro per

31

## IX.    Certificate of Compliance

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because:

1. This brief contains 6,110 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), or this brief uses a monospaced typeface and contains lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because: this brief has been prepared in a proportionally spaced typeface using Microsoft Word, Times New Roman, 14 point.

Dated:  August 31, 2022

_____
Ethan Margalith,
In pro per

_____
Lisa Margalith,
In pro per

32

# I.     CERTIFICATE OF SERVICE

I am employed in the County of Contra Costa, State of California. I am over the age of 18 and not a party to the within action; my business address is PO Box 631, Brentwood, California 94513. On the date indicated below, I caused to be served the within **APPELLANT'S OPENING BRIEF; and APPELLANT'S EXCERPTS OF RECORD** on the interested parties in said action by:

**[X] ELECTRONIC SERVICE** Based on a court order, an agreement of the parties to accept service by electronic transmission and/or pursuant to FRCP 5, et seq., I caused the below-referenced document(s) to be sent to the person(s) at the electronic address(es) listed below.

Robert A. Hyatt, Esq. (SBN 166178)
rhyatt@dykema.com
Cory Webster, Esq. (SBN 274404)
cwebseter@dykema.com
**DYKEMA GOSSETT LLP**
333 South Grand Avenue, Suite 2100
Los Angeles, CA 90071
Tel: (213) 457-1734
Fax: (213) 457-1850
Attorneys for: *JPMorgan Chase Bank, N.A.*
**BY ELECTRONIC SERVICE**
Leonard Siegel, Esq. (SBN 64603)
lsiegel@kgswlaw.com
Mitchel S. Brachman, Esq. (SBN 130023)
mbrachman@kgswlaw.com
**KULIK GOTTESMAN SIEGEL & WARE LLP**
15303 Ventura Blvd., Suite 1400
Sherman Oaks, CA 91403
Tel: (310) 557-9200
Fax: (310) 557-0224
Attorneys for: *Mountaingate Openspace Maintenance Association*

Farhad Novian, Esq. (SBN 118129)
farhad@novianlaw.com
**NOVIAN & NOVIAN LLP**
1801 Century Park East, Suite 1201
Los Angeles, CA 90067
Tel: (310) 553-1222
Fax: (310) 553-0222
Attorneys for: *Express Working Capital, LLC*
**BY ELECTRONIC SERVICE**

John D. Ellis, Esq. (SBN 322922)
John.ellis3@usdoj.gov
**UNITED STATES OF AMERICA**
Federal Building, Suite 7211
300 N. Los Angeles Street
Los Angeles, CA 90012
Tel: (213) 894-2740
Fax: (213) 894-0115
Attorneys for: *Internal Revenue Service*

Ronald N. Richards, Esq. (SBN 176246)
ron@ronaldrichards.com
**LAW OFFICES OF RONALD
RICHARDS & ASSOC. APC**
PO Box 11480
Beverly Hills, CA 90213
Tel: (310) 556-1001
Fax: (310) 277-3325
Attorneys for: *Emaciation Capital, LLC*

Douglas E. Klein, Esq. (SBN 119924)
Dek36@hotmail.com
**MADGETT & KLEIN**
9701 Wilshire Blvd., Suite 1000
Beverly Hills, CA 90212
Tel: (310) 625-9773
Attorneys for: *Ethan Margalith and Lisa
Margalith*

**[X] OVERNIGHT DELIVERY** - I deposited such envelope for collection and delivery via General Logistics Systems US, Inc. ("GLS") service with delivery fees paid or provided for in accordance with ordinary business practices. I am "readily familiar" with the Firm's practice of collection and processing packages for overnight delivery. They are deposited with a facility regularly maintained for receipt on the same day in the ordinary course of business to: **United States Courts for the Ninth Circuit**
95 7th Street
San Francisco, CA 94103
Phone: (415) 355-8000

**[X] STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Dated: August 31, 2022

_____
Alexis Fisher